**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MITCHELL COLEY                                                                                  PLAINTIFFS

v.                                                                              Civil Action No. 3:05-cv-225HTW-JCS

UNIVERSAL LIGHTING AND
TECHNOLOGIES, GALLMAN WIRE
TECHNOLOGIES, INC., et al.                                                              DEFENDANTS

**ORDER DENYING PETITION TO REMAND**

Before the court is plaintiff's Petition to Remand **[docket # 3]** this lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c).[1]  Plaintiff herein is Mitchell Coley.  Defendants are Universal Lighting Technologies, Inc. (incorrectly captioned as "Universal Lighting and Technologies," hereinafter "Universal");  Gallman Wire Technologies (hereinafter "Gallman");  Local 2198 I.B.E.W. (AFL-CIO) (hereinafter "Union"), and unidentified persons, singular or plural, labeled "A", "B", "C", and "D."  In his complaint, plaintiff asserts the state law claims of fraud, breach of contract, intentional infliction of emotional harm, breach of fiduciary duty, civil conspiracy, and breach of covenant of fair dealing and good faith, which all allegedly arise out of his termination from Gallman Wire Technologies in September 2004.  The defendants removed the above-styled and numbered civil action to this federal forum on April 6, 2005, on the theory that it features this court's federal question jurisdiction

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

pursuant to Title 28 U.S.C. § 1331.[2]  Thereafter, on May 5, 2005, plaintiff filed his Petition to Remand.

For the reasons announced herein, this court finds plaintiff's Petition to Remand not well-taken, and, therefore, denies the Petition.

## ANALYSIS

The presence of a federal question in a civil lawsuit, and, thus, this court's jurisdiction thereon, is generally governed by the "well-plead complaint rule";[3] however, when federal law completely preempts state law, under the "complete preemption doctrine," any asserted claim based on that preempted state law is considered a federal claim, and, therefore, arises under federal law. *Hernandez v. Conriv Realty Assoc.*, 116 F.3d 35, 38 (2nd Cir. 1997); *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). Congress's power to preempt state law is derived from the Supremacy Clause of Article VI of the United States Constitution.[4] *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 208 (1985).

The complete preemption doctrine is ordinarily associated with § 301 of the Labor Management Relations Act ("LMRA"), Title 29 U.S.C. § 185(a).[5] *Hernandez*, 116 F.3d at

---

[2]Title 28 U.S.C. § 1331 provides: "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3]The "well-plead complaint rule" provides that federal question exist only when a federal question is presented on the face of plaintiff's properly plead complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[4]U.S. Const. art VI, cl. 2 provides, in relevant part: "This Constitution, and Laws of the United States which shall be made in . . . shall be the supreme Law of the Land."

[5]29 U.S.C. § 185(a) provides, in relevant part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . .

38. The preemptive force of § 301 is so powerful, it displaces any state law-based claim, converting it into "purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action." *Caterpillar*, 482 U.S. at 94.  Under § 301, "suits for violation of [a] contract between an employer and a labor organization are completely preempted, and if such a suit is filed in state court, it can be removed to federal court." *Hernandez*, 116 F.3d at 38. (citing *Caterpillar*, 482 U.S. at 393-94); *see also Trevino v. Ramos*, 197 F.3d 777, 779 (5th Cir. 1999) (holding that "if the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement [hereinafter "CBA"], the application of state law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute").  "The intent of the LMRA's preemptive reach is to fashion a uniform body of law regarding [CBAs] and other labor contracts." *Trevino, 197 F.3d* at 779.

In the instant case, the defendants contend that plaintiff's state law claims are preempted by § 301.  As such, defendants argue, this court has federal question jurisdiction over this lawsuit.  Plaintiff claims that § 301 is not implicated in this lawsuit, and, therefore, his state law claims are not preempted by federal law.

The court is not persuaded by plaintiff's argument.  Under well-established federal law, an application of state law is preempted if such application requires the interpretation of a [CBA]." *Hernandez, 116* F.3d at 38 (citing *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 413 (1988)).  Stated differently, § 301 governs all "claims founded directly on

---

or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

3

rights created by [CBAs], and also claims substantially dependent on the analysis of a [CBA]." *Caterpillar*, 482 U.S. at 394.  In the instance case, all of plaintiff's state law claims arise out of rights created by a CBA and require an interpretation thereof. Importantly, plaintiff's principle assertion is that the defendants violated the progressive disciplinary scheme and grievance procedures provided within the CBA.  (Complaint, ¶¶ 16-17, 19-21).  Accordingly, this court determines that plaintiff's state law claims are completely preempted by § 301 of the LMRA.

Although it is readily apparent to the court that plaintiff's state law claims are preempted by § 301, he nevertheless argues in his remand submissions that his claims are only tangential to the CBA.  As a result, he contends, applying the ultimate conclusion of the *Hernandez* court, that this lawsuit should be remanded to state court.  Plaintiff's contention is not persuasive.  In *Hernandez*, the plaintiff abandoned all claims arising out of a CBA, and instead alleged that his employer breached promises to pay him for work he performed that was beyond the ordinary scope of his duties and to employ him for as long as the employer owned the building in which he work.  116 F.3d at 39.  The Second Circuit determined that plaintiff's claims were based on an individual contract, rooted in state law, and could be resolved without reference to the CBA.  *Id.*  No such state law claims or contracts are present in the instant lawsuit.  All of plaintiff's claims are founded on rights created directly by a CBA and substantially dependant on an analysis thereof.

## **CONCLUSION**

Section 301 of the Labor Management Relations Act preempts plaintiff's state law claims of fraud, breach of contract, intentional infliction of emotional harm, breach of

4

fiduciary duty, civil conspiracy, and breach of covenant of fair dealing and good faith. Consequently, this court has federal question jurisdiction over this lawsuit pursuant to Title 28 U.S.C. § 1331.  Therefore, plaintiff's Petition to Remand **[docket # 3]** is hereby denied.

The parties are directed to contact the assigned Magistrate Judge within ten (10) days of the date of this Order to schedule a Case Management Conference.

**SO ORDERED, this the 10th day of March, 2006.**

                                     **s/ HENRY T. WINGATE**
                                     **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-225HTW-JCS
Order Denying Petition to Remand